IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAFAEL FELICIANO,

                Plaintiff,                          Case No. 3:11 CV 2320

    -vs-

                                                 <u>MEMORANDUM OPINION</u>

TERRY TIBBALS,

                Defendant.

KATZ, J.

      Petitioner Rafael Feliciano filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Additionally, Feliciano subsequently filed a motion for leave to amend and supplement the pleadings, Doc. 13, as well as a motion for judgment on the pleadings. Doc. 14.

      The matter was referred to Magistrate Judge William H. Baughman, Jr., who recommended that the petition be denied. *See* Report and Recommendation, Doc. 15 (hereinafter, "R&R"). Feliciano timely objected to the R&R. Respondent Terry Tibbals did not respond to the objections. In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), this Court has made a *de novo* determination of the Magistrate's findings. For the reasons stated herein, the R&R is adopted, Feliciano's petition is denied, and Feliciano's motions for leave to amend and for judgment on the pleadings are denied as moot.

**I. Background**

      The Court hereby adopts the R&R's statements of facts and of the case:

                            Statements of Facts and of the Case

    A.      The underlying facts and the state trial

The facts[6] that follow come from the decision of the Lorain County Court of Appeals.[7] Feliciano received his tax return check and used a part of the money to purchase crack cocaine.[8] After being warned by some of his neighbors in his apartment complex that there was a plot to rob him, Feliciano armed himself and his friend, Fletcher Windham.[9] As the evening went on, Feliciano began to suspect that Windham was part of the plot to rob him, and then proceeded to stab Windham.[10] Windham died as a result of the stab wounds he received from Feliciano, who would later testify that he felt as if he had no choice but to stab his friend and that he was fighting for his life.[11]

After being arrested and taken into custody by police, Feliciano was indicted originally and pled not guilty to two counts of murder, two counts of felonious assault, and an additional count of murder, which was subsequently added.[12] After his arrest, Feliciano, through his appointed counsel, requested a Spanish-speaking interpreter, which motion was granted by the trial court.[13] After the second count of murder from the original indictment was dismissed by the State at the beginning of the jury trial, Feliciano was found guilty on all four remaining charges.[14] On May 5, 2009, the trial court then sentenced Feliciano to a total of 19 years of incarceration.[15]

B.   Direct Appeal

*1.   Ninth District Court of Appeals, Lorain County*

---

[6] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 10, Attachment # 1 (state court record) at 214-32.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

Following his sentencing, Feliciano, represented by new counsel,[16] filed a timely[17] notice of appeal to the Ninth District Court of Appeals in Lorain County, raising seven assignments of error[18] . . . .

. . . .

The State filed a brief in opposition.[26] Prior to adjudicating the appeal, Feliciano was re-sentenced by the trial court,[27] and the state supplemented the appellate court record with the re-sentencing entry.[28] On June 21, 2010, the Ohio Ninth District Court of Appeals then affirmed the decisions of the trial court, overruling all of Feliciano's assignments of error.[29]

2. The Supreme Court of Ohio

Feliciano, now proceeding *pro se*, filed a timely[30] notice of appeal to the Ohio Supreme Court.[31] In his memorandum in support of jurisdiction[32] he raised three propositions of law . . . .

---

[16] Feliciano was represented by Michael Camera up to and including his sentencing but was represented by Denise G. Wilms on appeal (ECF # 1 at 11-12).

[17] Ohio App. Rule 4(A) provides that, to be timely, an appeal must be filed within 30 days of a judgment's entry. Here, the judgment entry was filed on May 5, 2009, and the notice of appeal filed on June 3, 2009.

[18] ECF # 10, Attachment # 1 at 21.

[26] *Id.* at 66-135.

[27] *Id*. at 153-56.

[28] *Id.* at 157-59.

[29] *Id.* at 167-96.

[30] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on June 21, 2010, and the notice of appeal filed in the Supreme Court on August 4, 2010.

[31] *Id.* at 197-98.

[32] *Id.* at 199-212.

. . . .

The State filed no opposition. On October 27, 2010, the Ohio Supreme Court denied leave to appeal, dismissing the matter as not involving any substantial constitutional question.[36] The record does not show that Feliciano filed for a writ of certiorari with the United States Supreme Court.

C. Petition for writ of habeas corpus

On October 28, 2011, Feliciano, *pro se*, filed a timely[37] federal habeas petition and, by attaching his brief to the Supreme Court of Ohio, raised three grounds for relief:[38]

> **Ground for relief 1**: The trial court committed Plain Error in its incorrect, incomplete and insufficient jury instructions.[39]
>
> **Ground for relief 2**: The trial court committed Plain Error when not insisting upon the court appointed translator to properly translate the totality of the court. Appellant's conviction for felonious assault is against [sic][40]  [(sentence fragment in original)]
>
> **Ground for relief 3**: Prosecutorial misconduct and the trial court erred when testimony was presented from a witness who received consideration for said testimony.[41]

---

[36] *Id.* at 244.

[37] 28 U.S.C. § 2254 states that a habeas petition must be filed within one year of the conclusion of direct review of the petitioner's claims by the state. In that regard, the one-year period does not begin to run until the day after a petition for a writ of certiorari would be due, or 90 days, regardless of whether such a writ has been sought by the petitioner. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Here, the one-year limitations period began on January 27, 2011, and the petition was filed approximately ten months later, thus making it timely.

[38] ECF # 1.

[39] *Id.*, Attachment at 4.

[40] *Id.*, Attachment at 9.

[41] *Id.*, Attachment at 10.

4

The State's return of the writ[42] argues initially that the first and second grounds for relief should be dismissed for reasons of procedural default because Feliciano made no objections at trial to either the jury instructions or the translator arrangements as required by Ohio's contemporaneous objection rule.[43] The State argues further that the third ground for relief should be denied on the merits because the state appeals court correctly analyzed this claim as an alleged due process violation and concluded that, as a matter of fact, no prosecutorial misconduct occurred and further determined that no clearly established federal law precludes a witness from testifying in consideration for leniency as regards pending charges.[44]

A prior attempt by Feliciano to amend or supplement the petition[45] was denied but ordered filed as a traverse.[46]

R&R at 2-7.

## II. Standard

The Court hereby incorporates the R&R's thorough statement of the applicable legal standards:

B.   Standards of review

*1.   Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[56]

---

[42] ECF # 10.

[43] *Id*. at 8-14.

[44] *Id.* at 16-18.

[45] ECF # 11.

[46] ECF # 12.

[56] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

5

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

>    (1)   Does a state procedural rule exist that applies to the petitioner's claim?
>
>    (2)   Did the petitioner fail to comply with that rule?
>
>    (3)   Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?
>
>    (4)   Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[57]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[58]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[59] In addition, procedural default may also be excused by a showing of actual innocence.[60]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[61] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional

---

[57] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[58] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[59] *Hicks v. Straub*, 377 F.3d 538, 551-52 (6th Cir. 2004) (citations omitted).

[60] *Id*.

[61] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

dimension.[62] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[63]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[64] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[65]

*2. AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[66]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[67] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[68] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[69]

---

[62] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[63] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[64] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[65] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[66] 28 U.S.C. § 2254(d).

[67] *Williams v. Taylor*, 529 U.S. 362 (2000).

[68] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[69] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

7

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[70] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[71]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[72] and "highly deferential" to the decision of the state court.[73] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[74] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[75]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[76]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[77] Then, the federal court is to review the claim *de novo*.[78]

---

[70] *Williams*, 529 U.S. at 411.

[71] *Id*. at 409.

[72] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[73] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[74] *Harrington*, 131 S. Ct. at 786.

[75] *Id.* at 786-87.

[76] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[77] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[78] *Id.*

8

However, as the Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[79] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[80]

*3.      Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are adjudicated pursuant to the well-known standard of *Strickland v. Washington*.[81] In *Strickland*, the Supreme Court articulated a two-part test that a defendant must satisfy to establish a Sixth Amendment violation: (1) "the defendant must show that counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense."[82]

Under the first prong of deficient performance, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness."[83] In making that determination, the court must be highly deferential to counsel's actions; that is, it "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance ... [such] that under the circumstances, the challenged action 'might be considered sound trial strategy.'"[84] Actions should not be evaluated in hindsight, but from the perspective of circumstances at the time of the alleged errors.[85] The key is not whether counsel's choices ultimately were strategically beneficial, but whether they were reasonable at the time.[86] To that end, counsel must make a reasonable investigation into possible

---

[79] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[80] *Brown*, 656 F.3d at 329.

[81] *Strickland v. Washington*, 466 U.S. 668 (1984).

[82] *Id*. at 687.

[83] *Id*. at 688.

[84] *Id.* at 689 (internal citations omitted).

[85] *Id*. at 690.

[86] *Roe v. Flores*, 528 U.S. 470, 481 (2000).

9

>alternatives, but once having done so, will be presumed to have acted reasonably in selecting the action taken.[87]
>
>To show prejudice under *Strickland*'s second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[88] A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[89] In arriving at that determination, courts are to "consider the totality of the evidence before the judge or jury."[90]
>
>Both of the prongs of the test must be met in order for the writ to issue; thus, courts need not address the issue of deficient performance if the petitioner cannot establish prejudice.[91]

R&R at 9-16.

### III. Discussion

The R&R recommends that Ground 1 of Feliciano's petition be dismissed as procedurally defaulted, and that Grounds 2 and 3 be denied on the merits. Feliciano lodges objections to each recommendation. This Court likewise deals with each of Feliciano's objections in-turn.

### A. Ground 1

Feliciano argues in Ground 1 of his petition that the trial court committed plain error by giving incomplete jury instructions regarding self-defense and the duty to retreat in one's own home. The Ohio Court of Appeals found that Feliciano forfeited this argument because trial

---

[87] *Strickland*, 466 U.S. at 691.

[88] *Id*. at 694.

[89] *Id*.

[90] *Id*. at 695.

[91] *Id*. at 697.

10

counsel did not object at the time the instruction was given, thereby violating Ohio's "contemporaneous objection rule." Noting that the contemporaneous objection rule is an adequate and independent state ground for foreclosing federal habeas review, the R&R concluded that Ground 1 is procedurally defaulted. The R&R further concluded that because Feliciano failed to argue in the Ohio Courts that counsel's failure to object amounted to ineffective assistance, Feliciano's petition fails to demonstrate cause and prejudice that would excuse the procedural default. The R&R therefore recommends that Ground 1 be dismissed as procedurally defaulted.

Feliciano objects, insisting that the brief he submitted to the Ohio Court of Appeals did argue ineffective assistance of counsel. Yet, a review of the appellate brief reveals that Feliciano–while arguing ineffectiveness as to suppression issues and as to the role of a Spanish language interpreter–did not argue ineffectiveness on matters related to Ground 1. The R&R therefore properly concluded that Ground 1 must be dismissed as procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)) (ineffective assistance claim must be presented to state court before it may be used to establish cause for procedural default).

**B. Ground 2**

Feliciano argues in Ground 2 of his petition that the trial court erred by denying him a simultaneous courtroom translator. The events surrounding the presence of a translator are summarized in the R&R:

> First, Feliciano moved for an interpreter at trial, and that motion was granted.[107] Prior to Feliciano testifying, defense counsel asked that the interpreter be seated next to Feliciano in the witness box so that Feliciano could choose whether to directly answer

---

[107] ECF # 10 at 11 (citing transcript).

11

>   questions in English or give a response in Spanish that would then be translated.[108] The court agreed and explained the process to the jury.[109] When it was determined that a Spanish-speaking juror was writing down Feliciano's Spanish-language testimony before it was translated into English and the prosecution could then object, the court directed that all questions and answers be in English, with the interpreter being used only if the jury had difficulty understanding Feliciano's English-language answer or Feliciano had trouble understanding a question.[110]

R&R at 18-19.

The R&R rejects Respondent's assertion that Feliciano procedurally defaulted Ground 2, opting to liberally read Felicino's filings in a way that includes arguments regarding the effectiveness of counsel's assistance as it relates to a courtroom translator. This Court agrees with the R&R's reading of Feliciano's filings. *See Marrero-Montes v. United States*, No. 98-5378, 1998 U.S. App. LEXIS 29563, at *4 (6th Cir. Nov. 10, 1998) (liberally construing *pro se* habeas petition to include certain arguments).

This Court also agrees with the R&R's conclusion that under *Strickland*, *supra*, Feliciano's ineffective assistance of counsel claims must be rejected. Feliciano does not demonstrate that he was prejudiced by counsel's failure to object to the use of the translator. *See Strickland*, 466 U.S. at 687 (no ineffective assistance absent prejudice). Feliciano urges that he has demonstrated prejudice, pinpointing several portions of his state appellate brief, state Supreme Court brief, and federal habeas traverse in which he supposedly identified the prejudice suffered. Yet, a review of those filings yields nothing more than conclusory assertions that he was prejudiced. They do not demonstrate a reasonable probability that counsel's objection would have

---

[108] *Id.*

[109] *Id*.

[110] *Id*. at 12.

12

yielded a different result. *See id*. at 694-95 (prejudice demonstrated upon showing of reasonable probability that counsel's error would yield different result). To the contrary, "the record does not show that the interpreter arrangement at trial was a problem for the court, the jury, the attorneys, or Feliciano himself. Nor does Feliciano identify any impediment or obstacle created by the interpreter arrangement that had an interpreter available to him at all times." R&R at 21. Ground 2 of Feliciano's petition is therefore denied.

**C. Ground 3**

Feliciano argues in Ground 3 of his petition that he was prejudiced by prosecutorial misconduct when a witness for the prosecution–who himself was facing prosecution–agreed to testify against Faliciano in exchange for the prosecutor's promise to inform the judge in his case of his cooperation. The R&R recommends denying this claim on grounds that the Ohio Court of Appeals' decision to deny the claim was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) (no habeas relief on claim adjudicated in state court unless state court decision is contrary to, or unreasonably applies, clearly established federal law). As explained in the R&R:

> The state appeals court denied this claim, finding first that the single case cited by Feliciano had been overruled and further that, under federal constitutional law, there is a long-standing practice of "'sanctioning the testimony of accomplices against their confederates in exchange for leniency.'"[118] In addition, the state appellate court noted that even if Gutierrez's testimony was improper, the error would have been harmless because another witness, Nancy Tate, "repeated much of Gutierrez's testimony regarding the events surrounding [the victim's] death," as did the testimony of Feliciano himself.[119]

---

[118] *Id*. at 177 (quoting *United States v. Singleton*, 165 F.3d 1297, 1301 (10th Cir. 1999) (*en banc*)).

[119] *Id*.

13

> Moreover, in addition to the decision of the Ohio court, there is no clearly established federal law as set forth by the United States Supreme Court that holds that a prosecutor engages in misconduct by employing the testimony of a witness who agreed to testify in exchange for leniency in a pending case.[120] Indeed, it is axiomatic that habeas relief is available only for violations of clearly established federal law and that the petitioner has the burden of establishing his right to relief on that score.[121]

R&R at 22.

Feliciano objects to the R&R's characterization of his state court appellate brief as only relying on a singe, overruled case. Feliciano contends his brief cited numerous cases and statutes. *See* Feliciano State Ct. Appellate Br., Doc. 10-1 at 42-44 (citing cases); Feliciano Obj. to R&R, Doc. 16 at 9 (citing 18 U.S.C. § 201(c)(2); Ohio Rev. Code Ann. § 2921.02(c)). Regardless, Feliciano cannot demonstrate that the prosecutor's promise of leniency violated clearly established federal law. *See United States v. Reyes*, Nos. 99-1647, 99-1717, 99-1744, 2002 U.S. App. LEXIS, at \*\*15-\*\*16 (6th Cir. Oct. 9, 2002) (Sixth Circuit expressly rejected argument that prosecutor's promise of leniency violates federal anti-bribery law (18 U.S.C. § 201)). Feliciano therefore cannot satisfy the strictures of 28 U.S.C. § 2254(d)(1), and Ground 3 of his petition is properly denied.

## IV. Conclusion

For the reasons stated herein, the Magistrate's R&R is adopted. Doc. 15. Feliciano's petition for a writ of habeas corpus is denied, Doc. 1, and Feliciano's motions for leave to amend and for judgment on the pleadings are denied as moot. Doc. 13; Doc. 14.

---

[120] ECF # 10 at 17.

[121] *See*, *Amos v. Renico*, 683 F.3d 720, 726 (6th Cir. 2012) (citations omitted).

14

Further, the Court hereby certifies that an appeal from this decision cannot be taken in good faith, 28 U.S.C. § 1915(a)(3), and the Court denies a certificate of appealability pursuant to Rule 11(a) of the RULES GOVERNING SEC. 2254 CASES, and 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE